# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) I.D. Nos. | 1510008854 |
| | ) | 1512014731 |
| TANIKA LEWIS, | ) | 1505007392 |
| | ) | |
| Defendant. | ) | |

Submitted: February 24, 2017
Decided: April 18, 2017

### Upon Motions for Modification of Sentence Regarding Restitution
### State's Motion – DENIED
### Defendant's Motion – GRANTED in part

The Court hereby finds that the procedural posture of this matter is as follows:

1. On January 13, 2016, Defendant Tanika Lewis ("Defendant") entered a plea of Guilty to Burglary Third Degree, Forgery Second Degree, and Theft Under $1500, and agreed to pay restitution to certain identified victims of her criminal conduct.

2. By Order dated March 9, 2016, effective March 3, 2016, Defendant was sentenced ("Sentencing Order"): (i) as to Burglary Third Degree, restitution of $47.00 and 3 years at Level V as an Habitual Offender pursuant to 11 *Del. C.* § 4214(a); (ii) as to Forgery Second Degree, restitution of $4,987.15 and 2 years at Level V, suspended for 2 years at Level IV/Crest, suspended after successful completion for balance of time to be served at Level III/GPS; and (iii) as to Theft

Under $1500, restitution of $4,686.00 ("Theft Restitution") and 12 months at Level V, suspended for 12 months Level III/GPS.

3.     The Court's order of Theft Restitution is currently at issue. The order of Theft Restitution arises from Defendant's Theft of a purse belonging to a member of the public ("Theft Victim") while Theft Victim was on the premises of Delaware College Preparatory Academy.

4.     By Letter dated January 13, 2017, Philadelphia Insurance Company ("PIC") contacted the Court directly through Maryland counsel. PIC claims to have insured Delaware College Preparatory Academy and to have paid $4,196.33 to Theft Victim in its capacity as an insurer. PIC requests that the Court modify the Sentencing Order such that a portion of Theft Restitution will be made payable to PIC rather than to Theft Victim.[1]

5.     The Court forwarded PIC's letter to the State and Defendant. Upon consideration of PIC's letter, the State and Defendant both made requests for relief. The State requests modification of the Sentencing Order as to Theft Restitution such that the amount that PIC paid to Theft Victim is made payable to PIC instead. Defendant requests modification of the Sentencing Order to vacate Theft Restitution to Theft Victim.

---

[1] In addition to the $4,196.33 that PIC paid to Theft Victim, the request for Theft Restitution also includes an additional $500.00 for a deductable connected to the insured loss. The Court notes that there is a discrepancy between the amount sought by PIC and the $4,686.00 of Theft Restitution under the Sentencing Order.

2

**NOW, THEREFORE**, upon consideration of the pending requests by the State and Defendant for modification of the Sentencing Order as to Theft Restitution; the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.     PIC's request is not properly before the Court.  PIC did not file a motion to intervene in this criminal action and did not otherwise properly request relief through Delaware counsel.  Instead, counsel who is not admitted to the Bar of the Supreme Court of the State of Delaware sent an informal letter directly to this judicial officer without sending copies to the Prothonotary or notifying the State or Defendant of the request.  The Court will not consider a request for relief that is made by a party who is not properly before the Court.

2.     Theft Victim was already paid for her loss over and above the deductible, and it would be inappropriate for Theft Victim to receive double compensation.[2]  Accordingly, the Court agrees with both the State and Defendant that the Sentencing Order as to Theft Restitution to Theft Victim must be modified.

3.     The Delaware Supreme Court has closely scrutinized restitution awards by the Superior Court in criminal cases for compliance with due process. The Court notes that Theft Restitution to Theft Victim was properly awarded at the

---

[2] *See Locklear v. State*, 692 A.2d 898, 901 (Del. 1997).

3

time of Defendant's sentencing, when this Court had jurisdiction to impose such an order and an award of restitution was consistent with due process.[3] Now, Defendant's counsel vehemently objects to the transfer of Theft Restitution to PIC by noting, among other things, that neither PIC nor its claimed insured Delaware College Preparatory Academy is listed as a victim on the plea agreement documents.[4] Defendant's counsel further objects on the grounds that PIC's request is untimely and was not presented at the time of sentencing.

4. Defendant is correct that PIC is not Defendant's insurance company or an identified victim in Defendant's plea agreement.[5] Rather, PIC insured Delaware College Preparatory Academy and paid Theft Victim's claim of $4,196.33. Even under circumstances where an insurance company is an identified victim of criminal conduct, statutory law assigns low priority status for

---

[3] Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Accordingly, Defendant acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case, including payment of restitution.

[4] According to the affidavits of probable cause located in the Court's files, Defendant's crimes were committed at Steve's Liquor Store, Delaware College Preparatory Academy, and Mount Pleasant Elementary School. The Court also notes the discrepancy between the amount sought by PIC and the amount of Theft Restitution ordered at Defendant's sentencing.

[5] *Cf. Benton v. State*, 711 A.2d 792, 798 (Del. 1998) (division of restitution award between victim and victim's insurer who paid claim noted as acceptable).

4

reimbursement of restitution to the insurance company.[6] The Delaware Supreme Court has noted that the "restitution payor's own carrier is not a proper beneficiary of restitution payments."[7] According to the Supreme Court, insurance carriers are in the business of providing loss coverage and "the criminal justice system [should not serve] as a collection agency for insurance carriers."[8]

5.     Moreover, although this Court acknowledges that the Delaware Supreme Court has construed the statutory term "victim" to include insurers that have compensated policy-holding victims,[9] the Supreme Court has also recognized that the Court should exercise discretion in awarding restitution because the Court "does not decide cases in a vacuum."[10] For example, in *Pratt v. State*,[11] the Supreme Court found it significant that defendants did not have "any marketable job skill nor any prospect for future training."[12] While the Supreme Court affirmed the award of restitution to the insurers in *Pratt*, the Supreme Court also cautioned trial courts by noting "the obvious severity of the defendants' sentences and the

---

[6] 11 *Del. C.* § 4106(d)(2)(" . . . where there are multiple victims, disbursement shall be in proportion to the amounts owed to each victim, with individuals to receive disbursements in full before insurance companies receive any disbursements.").

[7] *Moore v. State*, 15 A.3d 1240, 1245 n.14 (Del. 2011).

[8] *Id.*

[9] *See, e.g.*, *Nathan v. State*, 2008 WL 4809424, at *1 (Del. Nov. 5, 2008) (citing *Pratt v. State*, 486 A.2d 1154, 1160 n.4 (Del. 1983)).

[10] *Pratt*, 486 A.2d at 1161.

[11] 486 A.2d 1154 (Del. 1983).

[12] *Id.* at 1161–62.

5

prospect that they will be unable to pay the restitution ordered—primarily to insurers . . . ."[13]

6.      This Court recognizes that an award of restitution in this case is consistent with statutory law.[14]  However, "the defendant's ability to pay is an element to be considered in determining the amount of restitution."[15]  Defendant was sentenced in this matter as an Habitual Offender.  She has a long history of documented trauma and substance abuse.  She will remain incarcerated until at least October 8, 2018 – another 18 months.  She currently owes $14,384.26 in fines, costs, and assessments, including $12,636.26 in restitution.  No payments have been made in this case and, if past history is any indication of future conduct, no payments should be expected.

7.      While it is possible for this Court to exercise its discretion to award restitution to PIC, the likelihood of payment is virtually non-existent.  In light of the procedural circumstances of PIC's request and the specific context of this case, the Court finds that it is inconsistent with the administration of justice to award

---

[13] *Id.* at 1162.
[14] *See* 11 *Del. C.* § 4204(c)(8)–(10). 11 *Del. C.* § 4106(a) provides, in pertinent part:

> [a]ny person convicted of stealing, taking, receiving, converting, defacing, or destroying property, shall be liable to each victim of the offense for the value of the property or property rights lost to the victim and for the value of any property which has diminished in worth as a result of the actions of such convicted offender and shall be ordered by the court to make restitution.

[15] *Pratt*, 486 A.2d at 1161.

6

restitution to PIC. On the other hand, the award of restitution must be modified to reflect that Theft Victim has been paid all but the $500 deductible for her loss. Therefore, the Court will modify the Sentencing Order to reduce the award of restitution as to Theft Under $1500.

**NOW, THEREFORE, this 18th day of April, 2017, the State's request that the Court modify the Order of Theft Restitution for payment to Philadelphia Insurance Company is hereby DENIED and Defendant's motion for modification of the Sentencing Order is hereby GRANTED in part. A modified Order will be issued in connection with this decision awarding restitution of $500 to Theft Victim as to Theft Under $1500.**

**IT IS SO ORDERED.**

**The Honorable Andrea L. Rocanelli**

cc: Prothonotary
Tanika Lewis (SBI #00319916)
Barzilai Axelrod, Esq.
Darryl J. Rago, Esq.
James D. Skeen, Esq.

7